# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

In the matter of the search of:

The Premises Located at 123 E Monroe Street, Maud, Oklahoma, 74854, Including the Rear Outbuilding Which is Marked on the Northside with "The FBI works for SATAN"

Case No. 24-MJ-51-DES

## APPLICATION FOR SEARCH WARRANT

I, Hannah Kurht, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the **EASTERN** District of **OKLAHOMA** *(identify the person or describe property to be searched and give its location)*:

SEE ATTACHMENT "A"

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of Title 18, United States Code, Sections 922(g)(1), and the application is based on these facts:

- ☒ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Hannah Kuhrt, Special Agent
Federal Bureau of Investigation

Sworn to:

Date: February 8, 2024

City and state: Muskogee, Oklahoma

_____
*Judge's signature*
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Hannah Kuhrt, a Special Agent with the Federal Bureau of Investigation, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as 123 East Monroe Street, Maud, Oklahoma 74854, hereinafter "PREMISES," which is in the Eastern District of Oklahoma and further described in Attachment A, for evidence, instrumentalities, and/or fruits of the crime that are further described in Attachment B.

2. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) where I have been employed since June 2014. I am an investigative officer, or law enforcement officer, of the United States of America within the meaning of 18 U.S.C. § Section 2510(7), that is an officer of the United States who is empowered by law to conduct investigation of, and make arrests for, offenses enumerated in Title 18. In the course of my duties as a Special Agent, I have investigated criminal violations related to Indian Country crimes, as explained in Title 18, U.S.C., 1151 and as it pertains to the Major Crimes Act (MCA). Further, I have investigated violent crimes, drug offenses, and child abuse crimes. Therefore, I, Hannah Kuhrt, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

3. The statements in this Affidavit are based in part on information provided by other law enforcement officers and on my investigation of this matter. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to

establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 922(g) (Possession of a Firearm by a Prohibited Person) are presently located at the PREMISES.

4. This investigation concerns alleged violations of the following:

    a. 18 U.S.C. § 922(g) which makes it unlawful for (1) any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition.

5. **VENUE**: The PREMISES to be searched is located at 123 E Monroe Street, Maud Oklahoma within the Eastern District of Oklahoma.

6. **JURISDICTION**: The facts set forth below will articulate probable cause that BRET SHIPMAN ("SHIPMAN") committed the offense of Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g).

7. **PROBABLE CAUSE**: On February 7, 2024, at approximately 4:10 p.m., SHIPMAN entered the visitor's parking lot of the building occupied by the Federal Bureau of Investigation, Oklahoma City Division, located at 3301 W. Memorial Road, Oklahoma City, Oklahoma. SHIPMAN was driving a white, four-door vehicle.

8. After exiting his vehicle, SHIPMAN proceeded to climb over the security fence surrounding the perimeter of the building. After breaching the security perimeter, SHIPMAN proceeded toward the front entrance where he used a hammer to strike the glass windows and the glass on the doors of the FBI building. SHIPMAN proceeded south along the building and began striking windows along the East-facing wall.

9. After striking windows along the East-facing wall, SHIPMAN proceeded West and began striking the South-facing windows. SHIPMAN was located near the Southwest corner of the building when FBI Task Force Officers and Special Agents engaged SHIPMAN. SHIPMAN was given verbal commands to put down the hammer and get on the ground.

10. SHIPMAN ignored the commands, continued hitting the windows, and then advanced toward FBI Task Force Officers and Special Agents. SHIPMAN was again given verbal commands to put the hammer down and get on the ground. SHIPMAN eventually complied with these commands and was taken into custody.

11. According to FBI Facilities, the damage to the building is in excess of $1,000.

12. During a search of SHIPMAN's person after being taken into custody, FBI Task Force Officers and Special Agents located a wallet containing his Oklahoma driver's license which listed 123 E Monroe Street, Maud, Oklahoma, (PREMISES) as SHIPMAN's primary address.

13. After SHIPMAN was taken into custody, he informed the FBI Task Force Officers and Special Agents present at the scene that he had a "9-millimeter" at his house. Additionally, he provided his address as 123 E Monroe Street, Maud, Oklahoma (PREMISES).

14. Based on my training and experience, I am aware that a "9-millimeter" is in reference to a firearm which fires 9-millimeter ammunition.

15. Additionally, Special Agents of the FBI conducted an interview of SHIPMAN's brother, W.C. During the interview, W.C. told Agents that SHIPMAN possessed a 9-millimeter handgun and a .410 shotgun.

16. W.C. also notified Agents that SHIPMAN owned three vehicles, one (1) white Ford Focus, one (1) Ford Escape, and one (1) Ford Crown Victoria. Further, W.C. indicated that

SHIPMAN wrote something about the FBI on the side of his (SHIPMAN's) workshop on E Monroe Street.

17. Based on my training, experience, and conversations with other law enforcement personnel, individuals who possess firearms tend to store the firearm on their persons, residence, other outbuildings on their property, and/or inside of their vehicles.

18. A criminal history check of SHIPMAN revealed that on or about April 8, 2002, SHIPMAN pleaded guilty to a felony count of Possession of a Controlled Substance pursuant to a charge by the Travis County Sheriff's Office in Austin, Texas. SHIPMAN was sentenced to a term of 12 years confinement.

19. On February 8, 2024, a query for property records for the PREMISES was performed. The query returned the PREMISES; however, property records indicated the outbuilding as belonging to Southwestern Bell Telephone Co as depicted below:



20. On February 8, 2024, the FBI conducted surveillance on the PREMISES. Surveillance Agents observed a single-story residence at the location with a driveway located to the south of the residence that leads to a gate, before the driveway continues and terminates at a large white outbuilding. Located in front of the outbuilding was a white Sport Utility Vehicle appearing to be a Ford Escape. Painted on the side of the outbuilding was "The FBI works for SATAN!"

21. Although property records indicate that the outbuilding contained in Attachment A may be located on property owned by Southwestern Bell Telephone Co., W.C. identified the outbuilding as belonging to SHIPMAN as indicated by the "the FBI works for Satan!" phrase painted on the side. Furthermore, a vehicle consistent with what W.C. identified as belonging to SHIPMAN is parked in front of the outbuilding, and a driveway from the outbuilding runs through SHIPMAN's property.

22. **CONCLUSION**: Based on the information in this affidavit, I respectfully submit that there is probable cause to believe that SHIPMAN is a prohibited person in possession of a firearm, in violation of Title 18 U.S.C. § 922(g). Additionally, there is probable cause to believe that contraband and evidence, fruits, and instrumentalities can be found on the PREMISES. For these reasons, I respectfully request that the Court grant authority for the requested search of the PREMISES described in Attachment A and seize the items described in Attachment B.

23. I swear, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

Hannah Kuhrt, Special Agent
Federal Bureau of Investigation
Department of Justice

Sworn this 8th day of February, 2024.

_____
United States Magistrate Judge

## Attachment A

### Description of the Premises to be Searched

The residence to be searched is the entire property located at 123 E Monroe Street, Maud, Oklahoma, including the rear outbuilding which is marked on the north side with "The FBI works for SATAN!" The property is located on N Douglas Avenue and bound to the north by E Monroe Street and to the south by an alley, with E Main Street being the closest street.



(Front of residence from E Monroe Street)



(East side of residence from N Douglas depicting driveway)



(Rear outbuilding)



(aerial view depicting residence and rear outbuilding)

9

**Attachment B**

List of items to be seized from the PREMISES:

1. Firearms, including but not limited to: handguns, rifles, and shotguns;

2. Firearm ammunition, including but not limited to shotgun shells, center fire and rim fire ammunition; and

3. Documentation regarding the purchase of firearms, firearms ammunition, or other firearms-related accessories; and

4. Videos, photographs, and digital storage devices capable of storing video surveillance footage of the PREMISES.